**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0711n.06
Filed: August 16, 2005

**No. 04-1478**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BARBARA CULP, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT COURT |
| v. | ) | FOR THE EASTERN DISTRICT |
| | ) | OF MICHIGAN |
| DAIMLERCHRYSLER | ) | |
| CORPORATION, | ) | |
| | ) | **OPINION** |
| Defendant-Appellee. | ) | |
| _____ | ) | |

**Before: MOORE and COLE, Circuit Judges, and WISEMAN,*  District Judge.**

**Thomas A. Wiseman, Jr., District Judge.**  Plaintiff-Appellant Barbara Culp appeals the

jury verdict in favor of Defendant-Appellee DaimlerChrysler Corporation ("DaimlerChrysler") in

her gender discrimination suit and requests this Court to set aside the same verdict.  For the reasons

set forth below, we **AFFIRM** the jury verdict issued in the trial court and **DISMISS** Culp's appeal.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Barbara Culp commenced her employment with DaimlerChrysler on June 22, 1992 and was

a member of the United Automobile, Aerospace and Agricultural Implement Workers of America

("UAW") through its Local 961.

_____

*The Honorable Thomas A. Wiseman, Jr., United States District Court for the Middle District of Tennessee, sitting by designation.

On February 16, 1998, Culp was arrested and charged with writing threatening letters to Virdell King, president of the Local 961. On February 18, 1998, Culp was suspended for harassing Mr. King and for using abusive, profane and intimidating language to other DaimlerChrysler employees. The cause for suspension was later amended to include disrupting the workplace, failing to provide management with her employee badge when requested and providing management with false information. (Letter of DaimlerChrysler to Culp of 3/2/98, J.A. at 78.) After an internal investigation, DaimlerChrysler converted the suspension to a permanent termination. In the termination letter, DaimlerChrysler cited Culp's "use of abusive, profane, intimidating, and harassing language to other DaimlerChrysler employees; creating a disruption in the workplace; failure to provide Management with badge when requested; and providing Management with false information." (Letter of DaimlerChrysler to Culp of 5/13/98, J.A. at 79.)

Culp filed a grievance with Local 961 protesting her suspension and termination. The parties resolved the grievance, agreeing that Culp would return to work without any back pay or other compensation under a Conditional Reinstatement Agreement laid out in DaimlerChrysler's authorization to reinstate Culp. (Authorization to Reinstate, J.A. at 80.) The agreement requires Culp to abide by the rules of good conduct. (*Id.*) DaimlerChrysler's Standards of Conduct provide that an unexcused absence violates the Standards and that it subjects employees to discipline up to discharge. (Standards of Conduct, J.A. at 66.)

2

While the internal investigation was concluded, the arrest and resulting charges still loomed over Culp. Although the record is unclear as to exactly when, some time in November of 1998, Culp was incarcerated for twelve days after a finding of contempt. Culp secured vacation time to cover her period of incarceration.[1] On December 4, 1998, Culp entered a plea of nolo contendere to one count of aggravated stalking and was sentenced to six months of incarceration and five years of probation. The sentence was eventually reduced to thirty days of incarceration.

Culp was incarcerated on December 18, 1998. On January 4, 1999, Culp contacted Joyce Hudson, the Plant Personnel Representative, to request a leave of absence covering her period of incarceration. Culp informed Ms. Hudson that she was presently incarcerated. Ms. Hudson informed Todd Hartje, the Labor Relations Supervisor, of Culp's incarceration and request. Mr. Hartje determined that the leave of absence should be denied. Culp was terminated as a result of the unexcused absence.

Culp was released from incarceration on January 20, 1999. She immediately reported to work, where she was informed that she had been terminated. In addition, she was informed that she should seek union representation if she wished to file a grievance.

On January 21, 1999, a grievance was filed on Culp's behalf, which DaimlerChrysler denied on February 17, 1999. Several interactions between Culp and Local 961 occurred that are irrelevant

---

[1]Apparently, the floor supervisor at DaimlerChrysler had improperly backdated Culp's vacation leave to cover the days of incarceration. When DaimlerChrysler officials became aware of this, they overlooked it and allowed Culp to retain her employment. (Hartje Testimony, Trial Transcript, J.A. at 239.)

to this appeal. It is, however, relevant that the union ultimately decided not to take Culp's grievance any further, concluding that her claim would most likely fail.

On September 10, 2001, Culp commenced an action against both DaimlerChrysler and UAW alleging wrongful discharge, breach of duty of fair representation by the UAW, and gender discrimination in violation of the Elliott-Larsen Civil Rights Act. Prior to trial, Culp settled her claims against UAW.

In February of 2004, Culp and DaimlerChrysler proceeded to trial and DaimlerChrysler prevailed on all issues. Culp did not move for judgment as a matter of law under Rule 50 of Fed. R. Civ. P. before the jury was charged. Culp also neglected to move for judgment notwithstanding the verdict or for a new trial in the district court after the jury found in favor of DaimlerChrysler.

Culp now appeals the jury verdict on the count of gender discrimination contending that evidence produced at trial was not sufficient to support the jury's verdict.

## II. ANALYSIS

On this appeal, Culp raises two issues before the Court: first, whether it is proper for this Court to consider a motion to set aside a jury verdict for lack of sufficiency of evidence when Culp failed to file a motion for judgment as a matter of law per Rule 50 of the Federal Rules of Civil Procedure; and, second, whether the jury verdict was supported by sufficient evidence.

**A. Culp's Failure to File a Rule 50 Motion in the Trial Court**

4

The Sixth Circuit precedents on this issue are clear and undisputed by either party: The court cannot consider the sufficiency of the evidence presented at trial to support the jury's verdict where defendant has failed to move for a judgment as a matter of law in the district court. *See United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir. 1993) (finding that the issue of the sufficiency of the evidence was properly raised in the district court before reviewing the same issue); *Underwriters at Lloyd's London v. Sanders*, No. 98-6722, 2000 U.S. App. Lexis 15947, at *6 (6th Cir. 2000) (finding that the court was precluded from considering the sufficiency of the evidence to support the jury verdict when the movant failed to renew the Rule 50 motion); *Jackson v. Huron Dev. Ltd. P'ship*, No. 98-2356, 2000 U.S. App. Lexis 4030 (6th Cir. 2000) (ruling that because a party who fails to move for judgment as a matter of law at the close of the evidence forfeits the right to raise such a motion after the verdict, that party is also precluded from raising the sufficiency of evidence on appeal).

Culp urges the Court to adopt an exception to these precedents allowing for appeals based on insufficiency of evidence where plain error would otherwise result. The Court disagrees that such an exception is warranted. By definition, the appellate court will only set aside a verdict that is clearly erroneous and when plain injustice has occurred as a result or if the verdict is contrary to all reason. The standard for setting aside a verdict on appeal is strikingly similar, if not identical, to the exception that Culp urges for allowing an appellate court to consider a motion to set aside a verdict when no similar motion was filed at the trial level. In other words, any meritorious claim to set aside a verdict would fall under the exception Culp proposes.

Moreover, if the Court were to adopt such an exception, virtually any appeal from a jury

verdict would be allowed regardless of whether the appellant moved for judgment as a matter of law, for judgment notwithstanding the verdict or for a new trial in the trial court. Such a broad exception would swallow the rule. It would also allow any party to forgo moving for relief in the trial court, the court most qualified to hear such a motion, and go straight to the appellate court, which would not have the benefit of knowing the trial judge's reasons for declining the original motion. This result would be contrary to the orderly procedure in effect in American Civil litigation.

For these reasons, the Court declines to adopt the exception urged by Culp.

**B. Whether the jury verdict was supported by sufficient evidence.**

Because Culp failed to preserve her right to obtain appellate review of the sufficiency of evidence when she neglected to file a Rule 50 motion, this Court need not consider Culp's argument that the jury verdict was not supported by sufficient evidence.

### III. CONCLUSION

For the reasons stated above, the jury verdict and the district court's final judgment in favor of Defendant-Appellee are **AFFIRMED** and Plaintiff-Appellant's appeal is **DISMISSED**.